UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BERRY DELNO JONES III, ) | |
| ) | |
| Plaintiff, ) | No. 6:23-CV-47-HAI |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| KILOLO KIJAKAZI, ) | & ORDER |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Claimant Berry Delno Jones III brought this action under 42 U.S.C. §§ 405(g) and 1383(c) on March 22, 2023, to obtain judicial review of an unfavorable administrative decision. D.E. 1. The parties consented to the referral of this matter to a magistrate judge. D.E. 7. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. After the record was filed (D.E. 10), the parties submitted briefs (D.E. 13, 17). The Court, having reviewed the record and for the reasons stated herein, **DENIES** Jones's request for relief.

**I. Background**

Here, there are two underlying decisions by two different administrative law judges. First, on September 5, 2019, Jones filed an application for disability insurance benefits, alleging disability beginning September 12, 2018. *See* D.E. 10 at 87-100.[1] Following a hearing in

---

[1] References to the administrative record are to the large black page numbers at the bottom of each page.

1

September 2020, ALJ Jim Beeby found Jones was not disabled.  *Id*.  Significantly for this matter, ALJ Beeby assessed the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a).  The claimant can lift and carry, push and pull 10 pounds occasionally, and 10 pounds frequently, with occasional left upper extremity pushing and pulling.  With normal breaks in an eight-hour day, he can sit for six hours, and stand and walk for two hours; can occasionally climb ladders, ropes, and scaffolds; can frequently climb ramps and stairs; can frequently balance, stoop, kneel, crouch, and crawl; can tolerate occasional left upper extremity overhead reaching, and frequent left handling and fingering; and can tolerate occasional exposure to vibration, fumes, odors, dust, gases, poor ventilation, extreme heat, and dangerous hazards, such as unprotected heights, and moving machinery.

*Id*. at 90-91.  This 2020 RFC will later be compared to the 2022 RFC.

On March 4, 2021, Jones filed another application.  As with the first application, he alleged disability beginning September 12, 2018.  D.E. 10 at 16.  The application ultimately culminated in a telephonic hearing before ALJ Tommye Mangus on February 4, 2022.  *Id*.  On February 22, ALJ Mangus issued an unfavorable decision.  *Id*.  The appeals council denied Jones's request for review.  *Id*. at 1.

ALJ Mangus found Jones had made "an implied request to reopen the prior application." D.E. 10 at 16.  She declined to reopen upon finding no new and material evidence or other good cause to warrant reopening.[2]  *Id*.  She then found that the period relevant for the new decision was October 7, 2020 (the day after ALJ Beeby's decision was rendered) to February 22, 2022, the date of ALJ Mangus's decision.  *Id*.

---

[2] The law does not authorize judicial review of the Commissioner's decision not to reopen a previously adjudicated claim for benefits.  *See Mounts v. Berryhill*, No. 6:18-CV-261- REW, 2020 WL 34407, at *7 (E.D. Ky. Jan. 2, 2020).  So, if Jones were to appeal the denial of his implied request to reopen, this Court would lack jurisdiction. An exception to this rule exists for constitutional claims.  *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 231-32 (6th Cir. 1990).  But Jones's motion does not articulate a constitutional claim.

ALJ Mangus found that the prior ALJ decision had a *res judicata* effect for the period prior to October 7, 2020. D.E. 10 at 16-17. One issue in this appeal is whether ALJ Mangus properly dealt with ALJ Beeby's RFC when she found that Jones was not disabled between October 7, 2020, and February 22, 2022. ALJ's Mangus's 2022 RFC is as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he cannot perform more than occasional pushing and pulling with the left upper extremity. He can occasionally climb ladders, ropes, or scaffolds. He can frequently climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. He can tolerate occasional left upper extremity overhead reaching. He can tolerate frequent handling and fingering with the left upper extremity. He can tolerate occasional exposure to vibration, fumes, odors, dust, gases, poor ventilation, extreme heat, and dangerous hazards, such as unprotected heights and moving machinery.

D.E. 10 at 20.

## II. The 2022 RFC Was Not Less Restrictive Than the 2020 RFC

Jones challenges ALJ Mangus's 2022 RFC. D.E. 13-1 at 11-13. According to Jones:

> The ALJ failed to follow Res Judicata as referenced by [the cases of] Drummond and Dennard[3] by not assessing the same limitations in the 2022 RFC as were in the 2020 ALJ decision. In the 2020 decision the Claimant was limited to only being able to "lift and carry, push and pull 10 pounds occasionally, and 10 pounds frequently, with occasional left upper extremity pushing and pulling." He was also limited to "sit for 6 hours and stand and walk for 2 hours" (H.T. 90)
>
> The ALJ did not include these restrictions in the more recent 2022 decision. The only lifting restriction was "cannot perform more than occasional pushing and pulling with the left upper extremity" and there was no mention of sitting or standing/walking restrictions.
>
> The ALJ specifically found in the 2022 decision the Claimant had not submitted medical records to establish a change in his condition however, the ALJ

---

[3] As the Sixth Circuit explained in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), when a subsequent application covers a different disability period, the subsequent ALJ should "consider[] the prior ALJ's findings regarding the earlier record when reviewing a petitioner's successive application [and] should make determinations based on a 'fresh look' at the 'new evidence . . . while being mindful of past rulings and the record in prior proceedings.'" *Snow v. Saul*, No. 5:20-CV-388-EBA, 2022 WL 813603, at *3 (E.D. Ky. Mar. 16, 2022) (quoting *Earley*, 893 F.3d at 931). Here, ALJ Mangus properly applied a "fresh look" to evidence concerning the post-October 6, 2020 period. *See generally Wilson v. Kijakazi*, No. 6:21-CV-168-HAI, 2022 WL 17070516, at *2-4 (E.D. Ky. Nov. 17, 2022).

> essentially found an improved residual function capacity in less than two years without establishing a basis of the medical improvement. The 2020 opinion establishes the Claimant has trouble lifting with both arms but the 2022 appears to only restrict the left upper extremity. Even more disturbing is the omission of the sitting and standing/walking restrictions which is clearly a vocational factor in a person's ability to do either sedentary or light work. It is the Claimant's position the ALJ violated the principles of Res Judicata and the established case law by finding an improvement in the Claimant's condition explaining how she came to the decision.

D.E. 13-1 at 12-13.

Jones is simply factually mistaken here. It is not true that the RFC in the 2022 decision is less restrictive than the RFC in the 2020 decision. It is true that the RFC in the 2022 decision does not *explicitly* mention the ten-pound restriction and the sitting and standing restriction. However, the 2022 RFC implicitly includes these restrictions because the ALJ's "sedentary work" restriction *includes* these very restrictions on lifting, sitting, and standing.

Section 404.1567 describes the five different "physical exertion requirements" of work, ranging from "very heavy work" down to "sedentary work." The regulation defines "sedentary work" as follows:

> (a) Sedentary work. Sedentary work involves **lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools**. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if **walking and standing are required occasionally** and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis added).

As for lifting, pushing, and pulling, under the 2020 RFC, Jones could "lift and carry, push and pull 10 pounds occasionally, and 10 pounds frequently, with occasional left upper extremity pushing and pulling." D.E. 10 at 90. Under the 2022 RFC (incorporating the definition of "sedentary work"), Jones could "perform [no] more than occasional pushing and pulling with the left upper extremity," and could lift "no more than 10 pounds at a time and occasionally lift[] or

4

carry[] articles like docket files, ledgers, and small tools." D.E. 10 at 20. The 2022 RFC is not less restrictive.

As for walking and standing, under the 2020 RFC, Jones could "stand and walk for two hours." D.E. 10 at 90. Under the 2022 RFC (incorporating the definition of "sedentary work"), Jones was limited to "walking and standing" only "occasionally." 20 C.F.R. § 404.1567(a). Accordingly, the 2022 RFC is more restrictive.

Because Jones's argument here is based on a misunderstanding of the record, it does not entitle him to relief.

### III. The ALJ Properly Did Not Rely on Dr. Muffly's Report

Jones also faults the 2022 ALJ for failing to consider a "January 23, 2020 report from Dr. David Muffly." D.E. 13-1 at 7. He says this report constitutes the best summary of his medical history and should have been followed. *Id*.

As previously noted, ALJ Mangus gave preclusive *res judicata* effect to ALJ Beeby's 2020 findings for the period September 12, 2018, to October 6, 2020. *See* D.E. 10 at 16-17. The period relevant to the 2022 decision was October 7, 2020, to February 22, 2022. *Id*. Jones did not submit any new medical opinions generated during that period. *Id*. at 22. Because Dr. Muffly's report was issued in January 2020, his report was not relevant to the period under consideration by ALJ Mangus, which began October 7, 2020. It would not have been proper for ALJ Mangus to change the RFC based on that January 2020 report. Accordingly, it is no surprise that ALJ Mangus fails to mention Dr. Muffly's 2020 findings. Those findings were incorporated into the 2020 RFC. In 2020, ALJ Beeby considered Dr. Muffly's opinion, and found it "somewhat persuasive." *Id*. at 97-98. Because the two ALJ decisions concerned two different time periods, it was appropriate that Dr. Muffly's opinion was considered by the 2020

5

ALJ, but not separately discussed by the 2022 ALJ.  ALJ Mangus gave a fresh look to the post-October-6-2020 medical evidence but found "no material change" in Jones's impairments since the 2020 decision.  *Id*. at 22.  It was no error for ALJ Mangus to fail to interact with a report that predated the period under her consideration for a "fresh look."

## IV.  CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1)	Plaintiff's Motion for Summary Judgment (D.E. 13) is **DENIED**;

(2)	The Commissioner's Motion for Summary Judgment (D.E. 17) is **GRANTED**;

(3)	**JUDGMENT** will be entered in favor of the Commissioner by separate contemporaneous order.

This the 25th day of September, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge